**FILED**

May 21, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ASHKAN ARASTEH,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN *et al.*,[1]<br><br>Respondents. | § § § § § § § § § | NO. SA-26-CV-01434-OLG |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is the Amended Petition for Writ of Habeas Corpus (Dkt. No. 6) filed by Petitioner Ashkan Arasteh. Respondents have responded (Dkt. No. 12), and Petitioner has replied (Dkt. No. 13). For the reasons below, Petitioner's request for habeas relief will be granted.

### I.    BACKGROUND

Petitioner entered the United States on February 20, 2022, and claimed fear of returning to Iran. (Dkt. No. 6 at 1–2; Dkt. No. 12-1 ¶ 4.) His removal proceedings concluded on September 29, 2023, following a hearing, during which the immigration judge denied all relief and ordered him removed to Iran. (*See* Dkt. No. 12-1 ¶¶ 6–8.) Neither party appealed, rendering Petitioner's removal order administratively final. (*Id.* ¶ 8.)

During the remainder of 2023, Respondents attempted to obtain Iranian travel documents for Petitioner via the Embassy of Pakistan in Washington D.C. but were unable to do so without Petitioner's Iranian birth certificate and passport, which he was unable to provide. (*Id.* ¶¶ 9–12.) From January through March of 2024, ICE then explored third-country removal options, sending requests for acceptance of Petitioner to Canada, Ecuador, Mexico, and Qatar. (*Id.* ¶¶ 12–17.) The

---

[1]Markwayne Mullin became the Secretary of the Department of Homeland Security on March 24, 2026, and is therefore automatically substituted as a Respondent in this action. *See* FED. R. CIV. P. 25(d).

first two declined, and there is no indication that Mexico or Qatar responded. (*Id.*) After a 180-day post-order custody review (POCR), "it was recommended that Petitioner be released from ERO custody," and, on March 26, 2024, he was released on an Order of Supervision (OSUP). (*Id.* ¶¶ 18–19.)

Petitioner was re-detained by ICE on November 18, 2025, when he "reported to ERO per OSUP requirements" for no stated reason. (*Id.* ¶ 20.) Nearly three months later, on February 9, 2026, Petitioner was interviewed "to obtain information" for a travel document request, which has now been pending since April 2, 2026. (*Id.* ¶¶ 22–35.) He initiated this case on March 4, 2026, and filed his Amended Petition on March 9, 2026, seeking a writ of habeas corpus compelling his release under *Zadvydas v. Davis*, 533 U.S. 678 (2001) on the grounds that there is no significant likelihood of removal in the reasonably foreseeable future. (Dkt. No. 6 at 12–13.)[2]

## II.    DISCUSSION

"Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, 811 F. Supp. 3d 847, 855 (S.D. Tex. 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a time limit on how long DHS may detain an alien

---

[2]Petitioner also purports to assert a claim under the Administrative Procedure Act (*see* Dkt. No. 6 at 16–17), but because he did not pay the filing fee for non-habeas claims, Count Five is not properly before the Court. *See Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief."). It will accordingly be dismissed without prejudice.

Additionally, the Court need not reach Petitioner's *Mathews*- and *Accardi*-based due process claims contained in Counts Three and Four (*see* Dkt. No. 6 at 13–16), which will be dismissed without prejudice as moot.

in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal," *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Respondents incorrectly assert that Petitioner has been detained for less than the presumptively reasonable six-month period for post-order detention. (Dkt. No. 12 at 1.) Although "nothing in *Zadvydas* precludes a challenge to detention before the presumptive[] . . . period has elapsed," *Villanueva v. Tate*, No. CV-H-25-3364, 2025 WL 2774610, at *9 (S.D. Tex. Sept. 26, 2025), "the *Zadvydas* period is cumulative," *Abuelhawa*, 2025 WL 2937692, at *4 (collecting cases), meaning that Petitioner's pre-OSUP detention and his recent re-detention must be aggregated in calculating whether the presumptive period has expired. Here, Petitioner was detained for almost six months prior to his OSUP (*see* Dkt. No. 12-1 ¶¶ 8, 19), and his re-detention since November 18, 2025, has already lasted another six months. The presumptively reasonable period has long since expired.

Because this case involves a re-detention, it is Respondents' "burden to show a significant likelihood that [Petitioner] may be removed." *Garcia-Aleman v. Thompson*, No. 25-CV-886-OLG-HJB, 2025 WL 3534806, at *4 (W.D. Tex. Nov. 24, 2025) (quoting *Escalante v. Noem*, No. 25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)), *report and recommendation adopted*, No. 25-CV-886-OLG, 2025 WL 3532179 (W.D. Tex. Dec. 9, 2025); *see* 8 C.F.R. § 241.13(i). Respondents assert that "removal is likely in the reasonably foreseeable future"

3

because ICE is awaiting a response to its April 2 travel document request and anticipates "there will be removal flights to Iran . . . in the next several months, once the passport is received." (Dkt. No. 12 at 2.)

But "the Government's burden to furnish evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending request for travel documents, alone." *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 706 (W.D. Tex. 2025) (Cardone, J.). Although Iran has not outright refused to issue travel documents, the absence of a refusal is insufficient to meet Respondents' burden. *See Johnson v. Young*, No. 12-CV-2339, 2013 WL 1571938, at *2 (W.D. La. Feb. 11, 2013), *report and recommendation adopted*, 2013 WL 1571272 (Apr. 12, 2013). As mentioned above, Respondents have been attempting, unsuccessfully, to obtain travel documents for Petitioner since October of 2023 (*see* Dkt. No. 12-1 ¶¶ 9–18), and "the longer a request for travel documents remains pending without any action by the foreign government, what counts as the 'reasonably foreseeable future' conversely would have to shrink," *Trejo*, 807 F. Supp. 3d at 706 (quoting *Zadvydas*, 533 U.S. at 701). Respondents have therefore not carried their burden of demonstrating a significant likelihood of Petitioner's removal.

But even if it were Petitioner's burden, he has shown "good reason" to believe there is no significant likelihood of removal in the reasonably foreseeable future, such that it would still be Respondents' burden to prove that removal is likely. *See Zadvydas*, 533 U.S. at 701. Indeed, Petitioner submits that he has been subject to a final order of removal since 2023 and was initially detained for 180 days while ICE attempted to obtain travel documents from Iran and sent third-country acceptance requests to Canada, Ecuador, Mexico, and Qatar. (Dkt. No. 13 at 2–3; *see* Dkt. No. 6 at 2; Dkt. No. 12-1 ¶¶ 9–17.) Since re-detaining Petitioner, Respondents' (renewed) request for Petitioner's passport has now been pending for almost two months. (*Id.* ¶ 33.) Yet,

4

Respondents assert a "change in circumstances relating to the ability to remove [Petitioner] from the United States" warranted his re-detention six months ago. (Dkt. No. 12 at 5; *see* Dkt. No. 12-1 ¶¶ 34–35 (explaining that ICE is just waiting to see whether Iran will issue a passport for Petitioner and "anticipate[s]" being able "to place Petitioner on a removal flight once his passport is received within the next several months")).

In short, Petitioner has shown "good reason," and Respondents' pending request for travel documents, coupled with the ICE officer's similarly cursory statement that Petitioner's removal is "significantly likely in the reasonably foreseeable future" (Dkt. No. 12-1 ¶ 35), is insufficient to rebut that showing. *See Trejo*, 807 F. Supp. 3d at 706 (explaining that "what counts as the reasonably foreseeable future" gets shorter the longer a request for travel documents remains pending (citation modified)). The Court will therefore require Petitioner's immediate release.

### III.    CONCLUSION

Based on the foregoing, Petitioner Ashkan Arasteh's Amended Petition for Writ of Habeas Corpus (Dkt. No. 6) is **GRANTED** as follows:

1.    Respondents must release Petitioner Ashkan Arasteh (A-246-271-348) from custody, under conditions substantially similar to those contained in his prior OSUP, to a public place on or before **Tuesday, May 26, 2026**;

2.    Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**; and

3.    Respondents must file a status report **within two days thereafter** confirming that Petitioner has been released under conditions of release no more restrictive than those in place before the detention at issue in this case.

Petitioner's claims in Counts Three, Four, and Five of the Amended Petition are **DISMISSED WITHOUT PREJUDICE**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on May _____, 2026.

ORLANDO L. GARCIA
United States District Judge